United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WESLEY GLAZE,<br>　　　　　Petitioner,<br>　v.<br>C. DUCART,<br>　　　　　Respondent. | Case No. 16-cv-05144-JD<br><br>**ORDER RE: MOTION TO DISMISS**<br>Re: Dkt. No. 17 |

Jason Glaze, a pro se state prisoner, has brought a habeas petition under 28 U.S.C. § 2254. The petition alleges that: (1) there was insufficient evidence to support his conviction for assault with a deadly weapon; (2) the trial court erred in instructing on the mutual combat exception to self-defense with California Criminal Jury Instruction ("CALCRIM") 3471; and (3) the trial court erred in giving the mutual combat instruction when it failed to instruct the jury that the mutual combat exception only applies if the defendant starts or helps start the fight and instead stated the mutual combat exception applies if defendant agrees to continue the fight and failed to instruct that the exception requires that each individual defendant personally agree to fight. Respondent has filed a motion to dismiss on the grounds that two of the claims are unexhausted and procedurally defaulted. Petitioner has filed an opposition.

**EXHAUSTION**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v.*

*Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner fully and fairly presents a claim to the state courts "if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

All three of these claims were presented to the California Court of Appeal. Petition at 8-58. The California Court of Appeal denied these claims. *People v. Glaze*, No. A139729, 2015 WL 6948838 (Cal. Ct. App. Nov. 10, 2015). The petition to the California Supreme Court only raised two claims: (1) the trial court erred in instructing the jury using CALCRIM 3472; and (2) there was insufficient evidence to support the conviction for assault with a deadly weapon. Petition at 110. The California Supreme Court denied the petition for review. Motion to Dismiss Ex. A. No state habeas petitions were filed.

Petitioner's claim that there was insufficient evidence to support the conviction for assault with a deadly weapon was fully exhausted. Petitioner's remaining two federal claims regarding jury instructions and CALCRIM 3471 were not presented to the California Supreme Court. The only other claim presented to the California Supreme Court was regarding CALCRIM 3472, which was not raised in this federal petition. Petitioner has presented a mixed petition.

The general rule is that a federal district court must dismiss a federal habeas petition containing any claim for which state remedies have not been exhausted. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). When faced with a post-AEDPA mixed petition, the Court must sua sponte inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to the Court dismissing the petition. *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines v. Weber*, 544 U.S. 269, 277 (2005)) (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition

1    was dismissed until the date the second habeas petition was filed). Petitioner may also seek to
2    stay the petition while he exhausts the remaining claims. However, respondent argues that the
3    two unexhausted claims are procedurally defaulted pursuant to the invited error doctrine and it
4    would serve no purpose to allow petitioner to exhaust the two claims in state court.

**PROCEDURAL DEFAULT**

A federal court will not review questions of federal law decided by a state court if the decision also rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id*. at 750. To show cause, a petitioner must point to some objective factor external to the defense that prevented him from complying with the state procedural rule. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show prejudice, a petitioner must show that the errors at his trial worked to his actual and substantial advantage, infecting his entire trial with errors of a constitutional dimension. *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989).

The invited error doctrine is recognized as a valid procedural default that bars federal habeas review. *See*, *e.g.*, *Leavitt v. Arave*, 383 F.3d 809, 832 (9th Cir. 2004) (recognizing that invited error doctrine may be a valid basis for procedural default under habeas review where the state court clearly and expressly invoked the invited error doctrine).

The California Court of Appeal noted that trial counsel requested CALCRIM 3471, the basis for petitioner's two jury instruction claims in this federal petition. *Glaze*, 2015 WL 6948838, at *14-15. The state court held that "[w]hen defense counsel makes a 'conscious deliberate tactical choice' to request an instruction, any error in the giving of the instruction is invited and cannot be raised on appeal." *Id*. at 14. Because the trial court issued petitioner's requested jury instruction, he is not now entitled to claim that the issuance of the instruction was an error. It is irrelevant that the California Court of Appeal also rejected petitioner's claims on the

3

merits. A federal court must respect a valid procedural bar that was clearly imposed even if the state court also addressed the merits of the claim. *Harris v. Reed*, 489 U.S. 255, 263-64, n.10 (1989).

Petitioner has not presented any arguments concerning cause and prejudice, nor has he argued that he received constitutionally ineffective assistance of counsel to show cause for the procedural default. *See McCleskey v. Zant*, 499 U.S. 467, 494 (1991). The Court notes that respondent did not explicitly set forth the cause and prejudice standard; therefore, petitioner will be provided an opportunity to address it.

Petitioner will be given the opportunity to proceed in one of two ways. He may indicate that he only wishes to proceed on the one exhausted claim regarding the sufficiency of the evidence and the petition will continue solely on that claim and the others will be dismissed. Or, if he wishes to also proceed with one or both of the unexhausted claims, petitioner may present arguments to overcome the procedural default and also file a motion to stay addressing the factors set forth in *Rhines v. Weber*, 544 U.S. 269 (2005). In *Rhines*, the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. *Id.* at 277-78.[1]

**CONCLUSION**

1. Respondent's motion to dismiss (Docket No. 17) is **GRANTED IN PART** as discussed above.

2. Within **twenty eight (28) days** of service of this order, petitioner must indicate if he wishes to only proceed with the exhausted claim, or if he wishes to also proceed with one or both of the unexhausted claims he must present arguments regarding cause and prejudice and file a motion stay.

3. Respondent need not do anything until ordered by the Court.

---

[1] If petitioner overcomes the procedural default and seeks to stay the case, he must also ensure that he exhausts federal claims, not merely claims that concern state law.

4

4. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  January 16, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON WESLEY GLAZE,<br><br>    Plaintiff,<br><br>v.<br><br>C. DUCART,<br><br>    Defendant. | Case No. 16-cv-05144-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 16, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jason Wesley Glaze
AR8036
Pelican Bay State Prison
PO Box 7500
Crescent City, CA 95532


Dated: January 16, 2018


Susan Y. Soong
Clerk, United States District Court


By: *Lisa R. Clark*
LISA R. CLARK, Deputy Clerk to the
Honorable JAMES DONATO